CHARLES H. MORGAN v. S. VAN WYCK *et al.*
No. 79.

1. EXPENSE OF PLATTING TOWN SITE—*not directly chargeable to occupants; only collectible under paragraph 7044, General Statutes of 1889.* The occupants of a Government town site are not chargeable in a direct action for expenses incurred in surveying and platting of such town site; this expense can only be collected as provided by paragraph 7044, General Statutes of 1889.

2. ———— *officers failing to perform duty under paragraph 7044, General Statutes of 1889, remedy is mandamus. Probate judge cannot levy tax under this act.* Under paragraph 7044, General Statutes of 1889, it is the duty of the commissioners to levy a sufficient tax to cover the expenses of the entry, and if such commissioners fail to perform their duty, it would seem that the only remedy would be by proceedings in *mandamus*. A probate judge has no power to make a levy of a tax under this act; the only power of such judge is to collect the tax, and distribute the same to the parties entitled thereto.

3. STATUTE OF LIMITATIONS—*cause accruing in 1882, action begun in 1892 barred by.* Where a petition shows that a cause of action accrued in 1882, and the action was begun in 1892, the cause of action is barred by the Statute of Limitations, and a demurrer to the petition is properly sustained.

Error from Graham District Court. Hon. Charles W. Smith, Judge. Opinion filed March 20, 1897. *Affirmed.*

*F. D. Turck*, for plaintiff in error.

*Z. C. Tritt*, for defendants in error.

McELROY, J. This was an action, brought in the court below by Charles H. Morgan, against S. Van Wyck and numerous other occupants of the town site of Fremont, in Graham County, Kansas. The plaintiff alleges in his petition, that in 1882 he paid out various sums of money, amounting to $135, for the services of a surveyor and his assistants, and for the filing of the declaratory statement on the Government

town site of Fremont; that afterward, in March, 1890, defendant S. Van Wyck, as probate judge of said county, at the request of the occupants of the town site and being provided with the necessary money, made an entry on such land so surveyed and platted as a town site; that afterward, in 1890, the said probate judge appointed three commissioners to appraise and apportion said town site as required by law, and to levy a tax on the lots and improvements thereon, for the purpose of repaying the cost and expense of securing the title to said town site; that the plaintiff presented to the commissioners his claim for his expenses, but that the commissioners rejected his claim and refused to levy a tax for the purpose of repaying him. The plaintiff prayed judgment: *First*, for the sum of $135. *Second*, that the probate judge be required to pay that sum, out of the fund raised and provided to pay the expenses of the entry on said town site. *Third*, that the probate judge be directed to make a levy of a tax on said town site and lots, sufficient to pay this plaintiff's claim. To this petition the defendants filed a demurrer, on the ground that the petition did not state facts sufficient to constitute a cause of action against them; which demurrer was sustained by the court. The plaintiff excepted, and brings the case here for review.

It is not alleged in the petition that the commissioners made a levy of a tax for the purpose of defraying the expenses of entering the town site, as provided by law. There is no allegation that a fund was ever created and placed in the hands of the probate judge for the purpose of defraying the expenses. Nor is it alleged that there is anything due and payable from said defendants, or either of them, to the plaintiff. When one pays money in defraying the

522      Morgan v. Van Wyck.

N. Dept.      Opinion. McElroy, J.      5 Kan. App.

expenses of entering a town site from the Government of the United States, he has no cause of action directly against the occupants of such town site for the recovery of such money. He can only collect for such expense under the provisions of the law applicable to such case.

Paragraph 7044 of the General Statutes of 1889, provides :

"After the setting apart of such lots or grounds and the valuation of the same, as hereinbefore provided for, the said commissioners shall proceed to levy a tax on the lots and improvements thereon, according to their value, sufficient to raise a fund to reimburse to the parties who may have entered' such site the sum or sums paid by them in securing the title to such site ; together with all the expenses accruing in perfecting the same, the fees due the commissioners and the surveyor for their respective services, and other necessary expenses connected with the proceedings."

And paragraph 7046 provides :

" The probate judge shall then proceed to collect the taxes, levied as aforesaid, and he shall make deeds to the lots so set apart to the various parties entitled to the same ; but no deed shall be made to any person until such person shall have first fully paid all the tax or assessment so levied against him ; and in case any person shall refuse or neglect to pay such tax or assessment, so made against him, the probate judge may proceed to offer such lots and improvements for sale, to the highest bidder, first giving such public notice as may be required in case of execution against the lands and tenements of a debtor in the district court."

It is the duty of the commissioners to make this levy, sufficient to cover the legal expenses ·in the premises ; but if they fail to perform their duty, is not the remedy a proceeding in *mandamus ?* The probate judge has no power under this act to make a

levy of a tax. The commissioners levy the tax and the probate judge collects it; and he has no power to collect such tax in any other manner than that designated in the act. There is no legal liability against the probate judge until he collects the tax and fails to pay the same on demand.

The account attached to the petition is dated in 1882, and this action was commenced in May, 1892. It is apparent from the petition that the account is barred by the Statute of Limitations. The petition does not state a cause of action against the defendants. The trial court committed no error in sustaining the demurrer. The judgment will be affirmed.